**PHELPS TOINTON, INC., Petitioner,**

v.

**DIVISION OF EMPLOYMENT AND TRAINING, The Industrial Claim Appeals Office of the State of Colorado and Alan R. Gardner, Respondents.**

**No. 91CA0864.**

Colorado Court of Appeals,
Div. III.

Dec. 5, 1991.

Stettner, Miller and Cohn, P.C., Robert R. Miller, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul H. Chan, Asst. Atty. Gen., Denver, for respondents Div. of Employment and Training and Indust. Claim Appeals Office.

No appearance for respondent Alan R. Gardner.

Opinion by Judge NEY.

Phelps Tointon, Inc., employer, seeks review of a final order of the Industrial Claim Appeals Panel which awarded unemployment compensation benefits to Alan R. Gardner, claimant. We set aside the order and remand for further findings and an order.

At claimant's work site, employer found a marijuana pipe and a container containing marijuana in the company truck which had been signed out exclusively to claimant. Claimant admitted that the marijuana pipe was his. However, he testified that the marijuana belonged to co-workers who had used his pipe to smoke the marijuana prior to the commencement of work and then had left the marijuana in the truck. Employer testified that it discharged claimant for violating employer's rule which prohibited the use or possession of drugs on company property.

Claimant applied for unemployment benefits. After a hearing, the hearing officer found that employer failed to prove the criteria for the application of the disqualifying sections found at the § 8–73–108(5)(e)(VIII), C.R.S. (1986 Repl.Vol. 3B) (off-the-job use of controlled substances to a degree resulting in interference with job performance) and § 8–73–108(5)(e)(IX), C.R.S. (1986 Repl.Vol. 3B) (on-the-job use of not medically prescribed controlled substances).

The hearing officer then discussed the applicability of § 8–73–108(5)(e)(VII), C.R.S. (1986 Repl.Vol. 3B) (violation of a statute or company rule which resulted or could have resulted in serious damage to the employer's property or interests or could have endangered the life of the worker or other employees). The hearing officer found that employer failed to prove that the marijuana discovered in the company vehicle actually belonged to claimant. The hearing officer further found that the pipe discovered in the vehicle was claimant's. The hearing officer additionally found that employer failed to show how the mere possession of a pipe in a company vehicle resulted or could have resulted in serious damage to employer's property or interests, thus implicitly rejecting the applicability of § 8–73–108(5)(e)(VII).

The hearing officer finally found that there were no volitional acts on claimant's part which warranted a disqualification from receipt of unemployment benefits, concluded that claimant could not be at fault for his separation, and awarded claimant benefits pursuant to § 8–73–108(4), C.R.S. (1986 Repl.Vol. 3B). The Panel affirmed.

Employer does not dispute the findings concerning the applicability of §§ 8–73–108(5)(e)(VIII) and (IX). However, it does contend that the hearing officer applied the wrong standard in determining whether the criteria for the application of § 8–73–108(5)(e)(VII) were met. Employer argues that the hearing officer erred in applying an "ownership" rather than a "possession" standard in determining whether its rule was violated with regard to the marijuana found in the company vehicle. We agree.

In determining whether the criteria for § 8–73–108(5)(e)(VII) are met, the issues are twofold. The first is whether claimant violated a statute or company rule. The second is whether any such violation resulted or could have resulted in serious damage to employer's property or interests. The company rule under which claimant was discharged provided for an employee's immediate termination for "use or possession of alcoholic beverages or drugs on company premises." Consequently, the issue here in determining whether employer's rule was violated was whether claimant "used" or "possessed" drugs on company premises.

The hearing officer basically found a lack of evidence to substantiate any claim that claimant "used" drugs on company premises. However, the hearing officer totally failed to address the issue of whether claimant "possessed" drugs on company premises, and instead focused on whether claimant "owned" the drugs found in the company vehicle.

Ownership and possession of property are distinct and separate concepts. Ownership generally connotes a rightful title to property, whether legal or natural. *See Webster's Third New International Dictionary* 1612 (1981). Possession, on the other hand, generally means the taking into control or the holding of property at one's disposal, without necessarily being the owner of the property. *See Webster's Third New International Dictionary* 1770 (1981). Consequently, the concepts are not necessarily synonymous.

Therefore, we agree with employer's argument that the hearing officer erred in addressing claimant's "ownership" of the drugs and in failing to address the issue of "possession."

We therefore set aside the hearing officer's findings concerning employer's failure to prove that claimant owned the drugs. Since the findings that claimant did not act volitionally and was not at fault for his termination and the conclusion that claimant should be awarded benefits are premised, at least in part, on the non-applicability of § 8–73–108(5)(e)(VII), they also must be set aside.

We then remand to the Panel for remand to the Division of Employment and Training for further findings on the applicability of § 8–73–108(5)(e)(VII). Specifically, we remand for findings on whether claimant violated employer's rule by possessing drugs on company premises and if so, whether such violation resulted or could have resulted in serious damage to employer's property or interests. If § 8–73–108(5)(e)(VII) is found to be applicable, then a hearing officer is directed to enter an order disqualifying claimant from an award of benefits. If such section is found not to be applicable, then a hearing officer is directed to make further findings on the issues of claimant's "volition" and "fault" and enter an order accordingly.

Given this remand, we need not address employer's other contentions.

METZGER and CRISWELL, JJ., concur.